UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>FEATURE REALTY, INC. | No. 05-CV-00333-AAM<br><br>ORDER GRANTING USF&G's<br>MOTION FOR PARTIAL SUMMARY<br>JUDGMENT RE: NO DUTY TO<br>DEFEND |

**THIS DOCUMENT RELATES TO:** CV-05-165-AAM, CV-05-168-AAM, and CV-05-222-AAM

**BEFORE THE COURT** is United States Fidelity & Guaranty Company's (USF&G's) Motion for Partial Summary Judgment regarding the narrow issue of USF&G's lack of duty to defend the City of Spokane (City) in Spokane County Superior Court Cause Numbers 95-2-03773-3 and 03-2-00670-4, from whence the captioned litigation arises. (Ct. Rec. 3). Feature Realty, Inc. and Mission Springs, Inc. (collectively, Feature), plaintiffs in the aforementioned Spokane County cause numbers, do not oppose USF&G's motion. (Ct. Rec. 14 ).

A detailed statement of the facts of these consolidated cases may be found in the Court's Order denying Feature's Motion to Remand, entered October 5, 2005. (Case number 05-CV-222-AAM, Ct. Rec. 34). Briefly stated, Feature, as the assignee of the City's rights against USF&G, contends USF&G is liable to Feature under

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1

USF&G's excess liability insurance policy issued to the City (the Policy) from September 1, 1999, to September 1, 2002. (Ct. Rec. 6, p. 2-3).  USF&G asks only for a ruling that the Policy did not create a duty to defend the City.

In this diversity action, the substantive law of the state of Washington applies.  *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).  Washington law construes insurance policies as contracts, subject to the ordinary principles of contract law.  Unambiguous language is enforced as it is written.  *Weyerhauser Co. v. Commercial Union Ins. Co.*, 142 Wn.2d 654, 665 (2000).

Here, the Policy provides in pertinent part:

> We [the insurer] will not be obligated to assume charge of the investigation, defense or settlement of any claim or "suit" against the insured, but we will have the right and be given the opportunity to associate with the insured or its Claims Administrator or both, in the investigation, defense or settlement of any claim or "suit" that, in our opinion, involves or appears reasonably likely to involve us.  The insured and its Claims Administrator will cooperate with us when we elect to so associate.

(Ct. Rec. 15, Ex. A, p. 10).

The unambiguous and clear language of the Policy expressly provides that USF&G is not obligated to defend the City on claims asserted against the City.  Where an insurance policy confers a right to defend, but not an obligation to defend, the insurer's election not to take over the defense is not a breach of duty owed to the insured.  *Kienle v. Flack*, 416 F.2d 693, 696 (9th Cir. 1969). Further, given Feature's stated non-opposition to the USF&G's motion, there is no issue of material fact, and summary judgment on this narrow issue is appropriate. Accordingly,

**IT IS ORDERED** that USF&G's Motion for Partial Summary Judgment regarding its lack of duty to defend (**Ct. Rec. 3**) is **GRANTED**.  USF&G

did not have a duty to defend the City of Spokane in Spokane County Superior Court Cause Numbers 95-2-03773-3 and 03-2-00670-4.

The District Court Executive shall file this Order and provide a copy to counsel of record.

DATED this 16th day of December 2005.

<u>S/ Alan A. McDonald</u>
ALAN A. MCDONALD
SENIOR UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 3