UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>CONSOLIDATED FEATURE<br>REALTY LITIGATION | NO.   CV-05-0333-WFN<br><br>ORDER |

**THIS ORDER ALSO RELATES TO:**   CV-05-165-WFN, CV-05-168-WFN and CV-05-222-WFN

Pending before the Court are cross motions for discovery presented by United States Fidelity and Guarantee [USF&G] and Feature Realty, Inc. [Feature]. USF&G's Motion to Compel (Ct. Rec. 215) requests that Feature be required to produce records relating to the Canyon Bluffs project including financial information related to the time period after the 2005 reasonableness hearing. Feature's cross Motion for Protective Order (Ct. Rec. 221) requests that discovery be limited to information available prior to the 2005 reasonableness hearing and that discovery further be limited to the information already exchanged by the parties in the underlying case.

In the September 13, 2007 Order, the Court determined that while USF&G was denied a full opportunity to litigate the issue of reasonableness at the June, 2005 hearing, the "state court's determination of reasonableness is . . . entitled to some evidentiary value in the case." The trial court's ruling "provides presumptive evidence of the reasonableness of the settlement." Thus the burden of establishing unreasonableness, fraud, bad faith, or collusion now rests with USF&G.

ORDER - 1

1    USF&G must show that that the trial court's decision was unreasonable at the time it
2 was made. The trial court's decision regarding the reasonableness of the damages relied upon
3 projections made by an expert. This Court will not second guess the trial court's initial
4 decision based on the clarity of hindsight, but rather on the information regarding damages
5 available at the time the trial court made its decision. However, if evidence of fraud,
6 collusion, or bad faith surfaced after the initial reasonableness hearing, but relates to the
7 actions of the parties prior to the reasonableness hearing, this information could lead to
8 admissible evidence and is discoverable.

9    Information regarding actual damages, i.e. financial records for the time period after
10 the 2005 reasonableness hearing, is not reasonably calculated to lead to admissible
11 information, so USF&G's Motion to Compel is denied in part. However, since evidence of
12 fraud, collusion, or bad faith may have surfaced after the reasonableness hearing, Feature's
13 Motion for Protective Order is denied.

14    The Court reviewed the file and Motions and is fully informed. Accordingly,

15    **IT IS ORDERED** that:

16    1. USF&G's Motion to Compel, filed October 23, 2007, **Ct. Rec. 215,** is **GRANTED**
17 **IN PART and DENIED IN PART** as follows:

18        (a)    Feature shall comply with USF&G's First Requests for Production to Canyon
19 Construction NW, Inc. for materials created prior to the 2005 reasonableness hearing.

20        (b)    Feature need not provide financial documents related to actual damages
21 created after the 2005 reasonableness hearing.

22    2. Feature's Motion for Protective Order, filed November 5, 2007, **Ct. Rec. 221,** is
23 **DENIED.**

24    3. Financial information regarding the Canyon Bluffs project created prior to the 2005
25 reasonableness hearing shall be provided pursuant to the Federal Rule of Procedure 34(b).

26    4. If counsel feels more time is necessary to complete discovery pursuant to this

ORDER - 2

1  Order, counsel shall file a motion requesting adjustment of the case schedule with proposed
2  dates.
3      If at any time before trial the parties believe a settlement conference or mediation
4  session would be helpful, the Court is available to assist in setting up such a proceeding.
5      The District Court Executive is directed to file this Order and provide copies to counsel.
6      **DATED** this 15th day of November, 2007.

          s/ Wm. Fremming Nielsen
          WM. FREMMING NIELSEN
11-13     SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3