UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>CONSOLIDATED FEATURE<br>REALTY LITIGATION | NO.    CV-05-0333-WFN<br><br>ORDER GRANTING FEATURE<br>REALTY, INC.'S MOTION FOR<br>SUMMARY JUDGMENT RE:<br>ASSIGNED CONTRIBUTION CLAIM |

**This Order Also Relates to:   CV-05-0165-WFN; CV-05-0222-WFN**

Before the Court is Feature Realty Inc.'s Motion for Summary Judgment Re: Assigned Contribution Claim (Ct Rec. 225).  Having considered the parties' submissions, and for the reasons set forth below, the Court enters the following order.

## I.  FACTS

This consolidated declaratory judgment action concerns the duties owed under USF&G's excess liability policy issued to the City of Spokane in regards to the 2005 settlement and consent judgment the City reached with Feature relating to the City's alleged delays in the permitting process for the development known as the Canyon Bluffs PUD.  The Court will not reiterate the extensive factual and procedural background summarized in the Court's previous summary judgment decisions, familiarity with which is assumed.  Additional facts, as necessary, will be related in the Court's analysis of the summary judgment arguments.

ORDER - 1

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c)).  In a motion for summary judgment, "[i]f the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact," the burden of production then shifts so that "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)); *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir.), *cert. denied*, 479 U.S. 949, 107 S. Ct. 435, 93 L. Ed. 2d 384 (1986).

In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the nonmoving party. *T.W. Electric*, 809 F.2d at 630-31 (*citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991).  The evidence the parties present must be admissible. FED. R. CIV. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Pub. Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

The parties agree that Washington state law governs this diversity dispute.

## III. DISCUSSION

The parties agree that USF&G owes contribution for the costs of defense.  However, they disagree as to the method that the Court should apply to determine the amount

ORDER - 2

owed.  Washington courts have not had the opportunity to specifically address allocation of defense costs in contribution claims.  Allocation over successive policies presents unique issues.  "When multiple years of coverage are triggered, each insurer that affords coverage should be liable for the portion of the damages that is allocable to each respective insurer's policy period." Allan D. Windt, Annotation, *Multiple Years of Coverage*, Insurance Claims and Disputes 4th §6:47.    USF&G urges the Court allocate costs on a pro rata basis in proportion to policy limits.[1]    However, the Washington Supreme Court explicitly rejected this method of allocation, albeit in a different context. *Mission Ins. Co. v. Allendale Mut. Ins. Co.,* 95 Wn.2d 464, 465-66 (1981).    Washington courts apply the "maximum loss" rule as a default when allocating liability where there are concurrent primary insurers.  *Id.*, see also *Perez Trucking, Inc. v. Ryder Truck Rental, Inc*., 76 Wash.App. 223, 232 (1994).  This rule has not been extended to apply to allocation over successive policies.

In support of its argument that the policy limits rule for successive policies the majority rule, USF&G cites *Armstrong World Indus. v. Aetna*, 45 Cal. App. 4th 1, 51 (1996). Though informative, *Aetna* is not comparable to the situation in this case. In *Aetna*, the court

---

[1]USF&G's application of the policy loss method is flawed.  First, the graph treats Genesis as four separate policies for each year Genesis insured the City, but only treats USF&G as one policy for the 4 years USF&G provided coverage.  Though either method is acceptable time must be a factor for all insurance companies or not a factor for any insurance company. Since USF&G supports a policy loss method that does not take time into account, the graph overstates Genesis obligations.  Second, if USF&G wishes to apportion loss between the companies for the entire litigation, it would probably be more appropriate to consider the attorney's fees for the entire course of litigation.  However, since the Court is not adopting USF&G's proposal, it need not decide that issue.

ORDER - 3

recognizes that the policy limits rule is the general rule *in California* but acknowledged that courts have applied varying methods of apportionment.[2]  *Id.*  Notably, the court discusses *Mission,* which determined the default approach in Washington is the maximum loss method. *Id.*  Recognizing that the type of injury was continuing, the court approved an apportionment plan that did not follow the general rule, but instead pro rated based on policy limits, then multiplied by the number of years each insurance company was on the risk.  *Id.*  In approving a different rule than the general rule, the court recognized that, "the insurance companies' respective obligations flow from equitable principles designed to accomplish ultimate justice in the bearing of a specific burden." *Id.*  California's preference for the policy limits rule in the case of successive insurance policies is not the general rule.  Between the alternative methods of allocating liability among successive insurers, "the most equitable is allocating based upon the relative periods of time each insurer was on the risk, and the courts have, in general, so recognized." Allan D. Windt, Annotation, *Multiply Years of Coverage,* Insurance Claims and Disputes 4th § 6:47.

The cases cited by USF&G involve either a continuing injury or contemporaneous policies with overlapping coverage.  Apportionment methods in these cases are a blunt instrument, intended to apportion liability as fairly as possible where apportionment based on timing of the injury or specific claims is not possible. The amended plat claims

---

[2]"Other approaches include apportionment (1) based on the premiums paid ( *Insurance Co. of Tex. v. Employers Liability Assur. Corp.* (S.D.Cal. 1958) 163 F.Supp. 143, 147, 151); (2) in equal shares ( *Reliance Ins. Co. v. St. Paul Surplus Lines Ins.* (4th Cir. 1985) 753 F.2d 1288, 1292); and (3) using a "maximum loss" method ( *Mission Ins. Co. v. Allendale Mut. Ins. Co.* (1981) 95 Wn.2d 464 [626 P.2d 505]; and see *Uniroyal, Inc. v. Home Ins. Co.* (E.D.N.Y. 1988) 707 F.Supp. 1368, 1392-1393 [agent orange])." *Armstrong World Indus. v. Aetna*,  45 Cal. App. 4th at 53 n. 16 (1996)

ORDER - 4

asserted by Feature were not a continuing injury, nor was there a concurrent insurer. Though the claims arose during on ongoing dispute with the city and related to the ongoing dispute, Feature's amended plat claims were based on discrete acts that took place during USF&G's policy. The interests of equity support apportionment based on actual defense costs attributable to each insurer, even if these cannot be perfectly calculated. The apportionment methods discussed by the *Aetna* court serve as a fall back when there is no factual basis for apportioning costs.

USF&G rails against application of "rough justice" however, its proposal results in a less precise method of apportionment. The policy limits method assumes that allocation based on claims that occurred during each insurance companies' respective policy periods is impossible. Certainly a ballpark figure is more equitable than applying a mechanical formula not based at all on the facts.

The parties agree that the only fees to be apportioned should be those accrued after Feature filed an action pertaining to USF&G's policy coverage period. USF&G does not appear to contest that attorney's fees amounting $722,672.00 were accumulated within that time frame. Feature offered uncontested evidence that between 80% and 90% of the defense costs accumulated beginning in 2003 can be attributed to work on amended plat claims arising during USF&G's policy. USF&G attempts to raise an issue of fact by arguing that Feature's estimate of attorney's fees have no factual support. The Declaration of David D. Swartling belies this contention. (Ct. Rec. 230) The estimate offered by the city's attorney provides a basis for providing equitable relief. USF&G's conclusory allegation is insufficient to raise an issue of fact to defeat summary judgment.

The parties agree that USF&G's $250,000 SIR must be met. Feature asserts that the SIR should be deducted from the entire amount. However, according to this Court's July 25, 2007 Order, payment of the SIR is a precondition to coverage, so it must be applied prior to USF&G's coverage triggers.

ORDER - 5

**IV.  CONCLUSION**

Based on the foregoing, the Feature's Motion for Summary Judgment Re: Assigned Contribution Claim shall be granted.  USF&G must pay 80% of the $722,672.00 of defense costs less the $250,000 SIR.  Based on these calculations, the total amount USF&G must contribute to defense costs is $328,137.60. Accordingly,

**IT IS ORDERED** that Feature's Motion for Summary Judgment Re: Assigned Contribution Claim, filed November 13, 2007, **Ct. Rec. 225**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 25th of January, 2008.


s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6